HOOD, Judge.
This is a suit for workmen’s compensation benefits in which plaintiff alleges that he is totally and permanently disabled as the result of a fall which he sustained while working for Fallin & Savage Timber Company, Inc. The defendants in the suit are the Timber Company and its compensation insurer, Southern Pulpwood Insurance Company. After trial on the merits, judgment was rendered by the trial court rejecting plaintiff’s demands on the ground that he had failed to establish that an accident occurred during the course of his employment. Plaintiff has appealed from that judgment.
Although defendants have paid no compensation benefits to plaintiff, no issue is raised on this appeal as to their liability to him for such benefits if it should be determined that an accident did occur, as alleged, and that plaintiff sustained a disabling injury as a result of that accident. The only issues presented here relate to: (1) whether an accident occurred during the course of plaintiff’s employment, as alleged; (2) if such an accident did occur, whether plaintiff sustained a disabling injury as a result of it and, if so, the nature, extent and duration of that disability; -and (3) whether plaintiff is entitled to recover penalties and attorney’s fees because of defendants’ failure to pay compensation benefits promptly.
The accident is alleged to have occurred on December 7, 1959. Fallin & Savage Timber Company at that time was engaged in cutting and hauling pulpwood, and it had employed Willard Gypin, who owned a truck which he used for that purpose, as a subcontractor to do some of the actual cutting and hauling. Gypin is a brother-in-law of plaintiff, and just a few days before the alleged accident Gypin employed plaintiff to assist him in these cutting and hauling operations. Plaintiff is an unmarried 34 year old man, somewhat retarded mentally, who had never assisted in cutting and hauling pulpwood before. He has lived with his parents all of his life, and his employment prior to that time had consisted solely of assisting in small farming operations and occasional odd jobs.
Plaintiff testified that at about 1:00 or 2:00 p. m. on the above-mentioned date, while he was carrying a piece of pulpwood in the course of his employment, he stepped in a hole and that the lower part of his back then began to hurt him. His account of what happened at that time was verified by Gypin, who testified that he saw plaintiff step into a drain or a hole while he was carrying a piece of pulpwood, that plaintiff told him immediately that his back hurt, and that plaintiff did not work any more that day. Both of these witnesses state that the accident occurred in the woods, and that no one else was present at that time.
The evidence further establishes that immediately after this alleged accident occurred plaintiff rode with Gypin in the truck a distance of about 35 miles to deliver the wood which had been cut, and then he rode about the same distance back in order to return to his home, the round trip being about 70 miles. Plaintiff went to Alexandria the next morning and consulted Dr. *651 W. L. Murrell, who diagnosed his condition as a “sacroiliac strain,” and Dr. Murrell treated plaintiff for that condition from that date until January 21, 1960. . Plaintiff was examined by other doctors thereafter, and without discussing all of the medical evidence we think it is sufficient to state that it convinces us that plaintiff did have a disabling back injury when he consulted Dr. Murrell on the morning after the accident is alleged to have occurred.
Plaintiff did not report the accident to the foreman or to any other representative of Fallin & Savage until about six weeks after it allegedly occurred. The first notice that the employer had of such an accident was by a letter dated January 21, 1960, from the attorneys which plaintiff had employed to represent him in connection with this claim. There is no indication in the record that plaintiff had ever sustained an injury before this time, and the evidence shows that he has never made a claim for compensation benefits prior to this suit.
The lay witnesses called by plaintiff, consisting of plaintiff’s father, his brother and his brother-in-law, Gypin, testified that plaintiff has not worked since the date of the alleged accident, but their testimony to that effect has little value, because the evidence also shows that plaintiff never performed much, if any, hard manual labor before the date of the accident. The foreman for defendant Timber Company, however, testified that he saw plaintiff working with Gyp-in about three days during the week in which he contends he was injured, and this indicates to us that plaintiff must have been able to work immediately before the alleged accident, while the medical testimony shows that he was disabled immediately after it.
The trial judge in his excellent written reasons for judgment stated that he “was not at all impressed by the testimony of plaintiff and his witnesses,” and since he is in a better position to judge the credibility of the witness than we are, we also attach little weight to their testimony. The testimony of defendant’s foreman, however, establishes that plaintiff was able to perform manual labor immediately before the alleged accident and the medical evidence establishes that he was disabled from performing the same type of work the next morning. This lay testimony and the medical evidence strongly support plaintiff’s assertion that he sustained an accidental injury on December 7, 1959, and no evidence of any kind has-been presented which indicates that the injury was or may have been sustained in some other manner. Since plaintiff’s testimony as to the accident, although vague and questionable, is not contradicted but on the contrary is strongly supported by other evidence which has not been questioned, and since no other explanation has been offered as to how the injury may have occurred, we feel that the occurrence of an accident during the course of plaintiff’s employment has been established by a preponderance of the evidence. We are compelled to conclude, therefore, that the trial judge erred in holding that plaintiff had failed to establish that an accident occurred.
In addition to the treatment which plaintiff received from Dr. Murrell, as above set out, plaintiff also was examined by Dr. Fahean Cannon on February 3, 1960, by Dr. A. Scott Hamilton on April 13, 1960, by Dr. Alfons Altenberg on December 13, 1960, by Dr. Milton Honigman on December 30, 1960, and by Dr. D. H. Texada, Jr., on January 11, 1961. At least three of these doctors are orthopedic surgeons and one is a neurologist and psychiatrist. By stipulation of counsel the reports of these doctors were admitted in evidence in lieu of their testimony. There is little, if any, conflict between the conclusions reached by these doctors, and in our opinion, the medical evidence establishes that as a result of the accident which occurred on December 7, 1959, plaintiff sustained a sacroiliac strain, or a strain of the sacrospinalis muscle mass on the left, which disabled him from performing manual labor from the date of the accident until August 13, 1960. The evidence convinces us that plaintiff had completely recovered from that injury by *652 the last-mentioned date, and that he has had no disability attributable to the above-mentioned accident since that time.
Plaintiff was earning $8.00 per day at the time he was injured, so his weekly wages based on a six day work week amounted to $48.00. Computed on the basis of that rate of pay, we conclude that plaintiff is entitled to compensation at the rate of $31.20 per week during his period of disability. The record also shows that plaintiff incurred medical expenses amounting to $85.50 in connection with the treatment of this injury, and he is entitled to recover that amount.
We find no merit to plaintiff’s claim for penalties and attorney’s fees. The defendant employer had some difficulty in determining whether plaintiff was employed at the time of the alleged accident, because he had been employed by Gypin without defendants’ knowledge, Gypin had discontinued working for defendant by the time the latter was notified of the accident and Gypin kept no records. Also, there was a serious question as to whether an accident had actually occurred, as alleged, that question being so serious, in fact, that the trial court after assigning logical and persuasive reasons rejected plaintiff’s demands on the ground that the evidence failed to establish such an occurrence. Under those circumstances, the defendants cannot be held to have been unreasonable, arbitrary or capricious in failing to pay compensation benefits to plaintiff. The demands for penalties and attorney’s fees, therefore, must be denied.
For the reasons herein assigned, the judgment appealed from is reversed, and
It is ORDERED, ADJUDGED and DECREED that judgment be rendered herein in favor of plaintiff, Elmer Setliff, and against defendants, Fallin & Savage Timber Company, Inc., and Southern Pulpwood Insurance Company, in solido, condemning defendants to pay unto plaintiff: (1) compensation at the rate of $31.20 per week for the period beginning December 7, 1959, and ending August 13, 1960, with interest on each payment at the rate of 5 per cent per annum from the date each such payment became due until paid; and (2) the additional sum of $85.50, with interest thereon at the rate of 5 per cent per annum from the date of judicial demand until paid, together with all costs of this suit, including the costs of this appeal.
Reversed and rendered.